# UNITED STATES DISTRICT COURT
for the
Eastern District of California

FILED
SEP 4 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

| | |
|---|---|
| United States of America<br>v.<br>Sandeep Singh, Michael Ho<br>*Defendant* | Case No. 1:09mj00222 GSA |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of 09/04/2009 in the county of Fresno in the Eastern District of California, the defendant violated Title 21 U. S. C. § 841(a)(1) , an offense described as follows:

Distribution of Controlled Substance

This criminal complaint is based on these facts:
See Attached

☑ Continued on the attached sheet.

_____
Complainant's signature

Scott Kunkel, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 09/04/2009

_____
Judge's signature

City and state: Fresno, California

Honorable Gary S. Austin, Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION
## FOR COMPLAINT

I, Scott Kunkel, Special Agent, U.S. Department of Justice, Drug Enforcement Administration (DEA), being duly sworn, state:

## I. BACKGROUND, TRAINING AND EXPERIENCE.

1. I am a Special Agent of the Drug Enforcement Administration (DEA), United States Department of Justice. I have been so employed since March of 2002. I have been assigned to the DEA Fresno Resident Office since July of 2002. I completed a 16 week DEA Basic Agent Training Academy at the Justice Training Center in Quantico, Virginia. This training included instruction in the investigation of federal drug violations, including, but not limited to, Title 21 of the United States Code, Sections 841(a)(1) and 846.

2. I have furthermore received specialized training in the investigation of clandestine methamphetamine laboratories, basic telecommunications exploitation, narcotics interdiction, domestic money laundering, and conspiracy investigations. I am familiar with, and have participated in, all of the conventional investigative methods, including but not limited to, electronic surveillance, visual surveillance, general questioning of witnesses, search warrants, confidential informants, pen registers, trap and trace, and the use of undercover agents. I have participated in numerous investigations involving organizations trafficking in controlled substances which have led to the seizure of narcotics and the arrest of drug cultivators, manufacturers, and traffickers. I have testified before Federal Grand Jury concerning the illegal sales and distribution of controlled substances and have testified in Federal Court. As a result of this training and experience, I have become acquainted with various persons engaged in the illegal manufacturing, possession, transportation, and sales of controlled substances, and the various methods used by these persons to possess, transport, and sell controlled substances. I have also become acquainted with the identification of various controlled substances, paraphernalia, and records associated with the illegal possession, transportation, and sales of controlled substances. I am an investigative or law enforcement officer of the United States

///

within the meaning of Title 18 U.S.C. Section 2510(7), and I am empowered by law to conduct investigations and make arrests for federal felony offenses.

3. As a result of my participation in this investigation, and through review and analysis of information received from various sources, including other law enforcement agencies, law enforcement investigators, and information yielded from law enforcement databases, I am familiar with all aspects of this investigation. On the basis of this familiarity and other information which l have reviewed and determined to be reliable, I allege the following:

## II.   STATEMENT OF PROBABLE CAUSE.

4. Sandeep SINGH has previously been arrested, indicted, and pleaded guilty to a violation of Title 21, United States Code, Sections §§ 841(a)(1) and (b)(1)(C), Possession of MDMA ("Ecstasy") With Intent to Distribute. On August 31, 2009, he was sentenced by the Honorable Anthony W. Ishii to 37 months incarceration and was ordered to self-surrender on December 3, 2009.

5. On September 3, 2009, agents with the Fresno DEA Resident Office traveled to Gilroy, California and established surveillance at the Union 76 gas station on Leavesly Road and San Ysidro Avenue. At approximately 12:52 p.m., SA Barry Blackmore observed the SK Honda van with California license plate 4VKN501 arrive at the Union 76 gas station and identified the sole occupant as an Asian male, later identified as Michael HO. At approximately 1:15 p.m., SA Blackmore observed a silver Honda park next to HO's vehicle and SA Blackmore was able to positively identify the driver of the vehicle was SINGH. Agents observed SINGH and HO meet for a brief moment and then both individuals got back into their vehicles and traveled in tandem southbound across Leavesly Road and into a parking lot at the Gilroy Outlet Mall.

6. Both SINGH and HO were observed getting out of their vehicles and began talking in the parking lot for short period of time. At approximately 1:45 p.m., SA Blackmore observed HO enter the driver's side of his vehicle and pull out a small black plastic bag and give it to SINGH. SINGH and HO were then observed getting back into their vehicles and leaving the area.

///

1    7. At approximately 1:55 p.m., California Highway Patrolman Steve Parra conducted a
2 vehicle stop on HO in violation of California Vehicle Code (CVC) Section 21703 (following to
3 close). SA Pete Vainauskas assisted Officer Parra with the vehicle stop. HO was told he was
4 free to go and Officer Parra had given his license and vehicle documents back to him. SA
5 Vainauskas then asked HO for consent to search his vehicle. HO gave SA Vainauskas consent to
6 search his vehicle. A search of the vehicle of the vehicle by SA Vainauskas led to the discovery
7 of approximately 10 colored tablets that were concealed in the glove box of the vehicle. SA
8 Vainauskas asked HO about the tablets and HO admitted to SA Vainauskas that they were
9 ecstasy tablets. HO said that the ecstasy tablets belonged to him.

10   8. SA Brent Coup then contacted HO and told him he was under arrest for the possession
11 of the ecstasy tablets. SA Coup asked HO if he understood English and he said that he did. HO
12 also stated that he has lived in the United States for approximately 30 years. After waiving his
13 Miranda rights, HO identified a photograph of SINGH as the person he had just met in Gilroy,
14 California and whom he knows as "Sandee." He advised that SINGH was his sole source of
15 ecstasy tablets (MDMA) and indicated that earlier that day he had given SINGH approximately
16 $40,000 in payment for a previous ecstasy transaction.

17   9. At approximately 2:24 PM, California Highway Sergeant Todd Spino initiated a
18 vehicle stop on SINGH in violation of a CVC Section 22349a (speeding). Sgt. Spino
19 encountered the sole occupant and driver, SINGH and explained the reason for the stop. As
20 SINGH was retrieving the registration documents from the glove box, Sgt. Spino observed a
21 brown paper bag that was wrapped in a black plastic bag. During this time, CHP officer Darren
22 Long and his K-9, T'Lajo arrived on the scene to assist Sgt. Spino.

23   10. Sgt. Spino asked SINGH what was in the bag and SINGH told Sgt. Spino that the bag
24 contained $30,000. Sgt. Spino asked SINGH why he had so much money in the vehicle. SINGH
25 advised that he got the money from his cousin in San Jose, California. SINGH stated that he was
26 going to take the money to his store in Fresno, California. Sgt. Spino questioned SINGH about
27 ///
28 ///

3

1  the store and SINGH then stated that he would be utilizing the money to purchase a store in
2  Fresno, California. SINGH was not able to provide any identifying information in regards to the
3  store.
4      11. SINGH then told Sgt. Spino that the bag actually contained $40,000. Sgt. Spino
5  obtained written and oral consent from SINGH. Officer Long then utilized K-9 T'Lajo on
6  SINGH's vehicle. K-9 T'Lajo alerted on the glove compartment of SINGH's vehicle which
7  contained the brown paper bag that was wrapped in a black plastic bag. A search of the vehicle
8  revealed approximately $40,000 concealed in the brown paper bag that was wrapped in a black
9  plastic bag. The brown paper bag that was wrapped in a black plastic bag was placed in a
10 controlled atmosphere at the Los Banos Highway Patrol Office and K-9 T'Lajo alerted on the
11 money for the presence of narcotics that was concealed inside the bags.
12     12. After SINGH's arrest, agents recovered one of SINGH's cellular telephones which
13 was identified by cellular telephone number 559-708-0645, the same telephone number identified
14 by HO as belonging to SINGH.
15     13. Based upon the foregoing, I believe that there is probable cause to believe that
16 Michael Ho and Sandeep Singh conspired to knowingly and intentionally distribute MDMA
17 (ecstasy), a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1)
18 and 841(b)(1)(C).

Scott Kunkel
Special Agent, Drug Enforcement Administration

Sworn and Subscribed before me on
September 4, 2009

Honorable Gary S. Austin
United States Magistrate Judge

4