# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDEEP SINGH,<br><br>      Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent.<br>_____/ | 1:09-cr-00369-AWI<br>1:13-cv-00070-AWI<br><br><br>**ORDER REGARDING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>(Doc. 117) |

## I. Introduction

This matter arises from the guilty plea of Petitioner Sandeep Singh ("Petitioner"). Petitioner was incarcerated at the Federal Correctional Institution in Lompoc, California ("FCI Lompoc") and is proceeding in this matter *in propria persona*. On January 10, 2013 Petitioner brought a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255. Petitioner‴s complaint alleged five grounds for relief. This Court denied all claims for relief except the claim of ineffective assistance of counsel – misadvising petitioner as to the consequences of his plea. Based on the record, this Court could not make a determination of whether Petitioner was entitled to relief for a claim of ineffective assistance of counsel. Accordingly, responses from trial counsel and the government were ordered. *See* Doc 130.

///
///

## II. Background

**A. Procedural**

Petitioner was charged with a single count of conspiracy to distribute MDMA in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C). *See* Doc. 22.

A change of plea hearing was held on September 20, 2010. Petitioner appeared with trial counsel, Anthony Capozzi ("Counsel"), and pleaded guilty to the charge without the benefit of a Rule 11(c) plea agreement. The Court engaged in a standard plea colloquy with Petitioner. The Court advised Petitioner the maximum potential sentence he could receive in this case is "20 years imprisonment, a fine of up to $1 million, or both." Doc. 55 at 5. Petitioner affirmed to the court that he understood the possible consequences of a guilty plea. The Court went on to explain the procedure for determining Petitioner's sentence, and cautioned Petitioner that, "the sentence imposed may be different from any estimate your attorney may have given you." Doc. 55 at 5. Petitioner affirmed to the court that he understood. *See* Doc. 55 at 6.

The Court determined Petitioner's Offense Level under the United States Sentencing Guidelines to be level 32 and his Criminal History to be Category II. Petitioner was sentenced to a term of one hundred sixty-eight (168) months, which represents the high end of the guideline range. *See* Doc. 86; Doc. 103 at 32.

**B. Petitioner's Declaration**

When Petitioner filed the motion on January 10, 2013, he alleged that Counsel advised him to reject a plea agreement from the government that would have recommended a guideline sentencing range between fifty-seven (57) and seventy (70) months. *See* Doc. 117 at 8. Rather than accept that offer, Petitioner alleges Counsel advised him to plead guilty without the benefit of a plea agreement. Petitioner indicates he was advised by Counsel that if he pled guilty without a plea agreement he would be sentenced to a term of thirty-three (33) months. *See* Doc. 117 at 9.

On July 30, 2014, Petitioner filed a declaration under penalty of perjury pursuant to 28 U.S.C. Section 1746. *See* Doc. 131. In this declaration Petitioner clarifies the details around the discussions he had with Counsel regarding the plea agreement from the government. Petitioner alleges that he discussed the plea agreement with counsel one week prior to the change of plea

hearing and Counsel informed him the plea agreement was for seventy (70) months. *See* Doc. 131. Petitioner also alleges that counsel advised him to plead guilty without accepting the plea agreement and counsel "[would] make all other arrangements to get [Petitioner] less than the seventy (70) months [sic] sentence." *See* Doc. 131. Unlike in Petitioner's motion, he makes no mention of a plea agreement for a sentence of fifty-seven (57) months, and he does not indicate counsel promised a sentence of thirty-three (33) months if Petitioner were to plead guilty without an agreement. Instead, Petitioner claims that if he had known there was a possibility he could be sentenced to more than seventy (70) months, he would not have agreed to plead guilty without the agreement. *See* Doc. 131.

**C. Counsel's Declaration**

Counsel filed a declaration on August 14, 2014 in response to this Court's order. *See* Doc. 132. Counsel indicates he met with Petitioner on July 22, 2010 to discuss a plea agreement from the government that "would result in an approximate sentence of 87 months," which was rejected by Petitioner. *See* Doc. 132 at 2. Counsel indicates he met again with Petitioner on September 15, 2010, to discuss the plea agreement from the government referred to by Petitioner in his declaration. Counsel explained that under the plea agreement, Petitioner "could not argue for a sentence of less than 70 months," and the government would recommend a sentence "at the bottom of the applicable guideline range, but no less than 135 months." *See* Doc. 132 at 2. Petitioner indicated he did not wish to go to trial and signed a document stating such. *See* Doc. 132 at 33. Counsel explained the only way Petitioner could argue for a sentence of less than seventy (70) months, without going to trial, would be for Petitioner to plead guilty without accepting the plea agreement. *See* Doc. 132 at 2. This Court can infer based on Counsel's declaration that Petitioner did not wish accept a sentence of seventy (70) months.

**D. Government Response**

On August 16, 2014, the government filed a response in opposition to Petitioner's motion to vacate sentence pursuant to 28 U.S.C. Section 2255. *See* Doc. 133. The government indicated that on September 10, 2010 a plea agreement was provided to Counsel for Petitioner. According to the agreement, Petitioner would plead guilty to the charge and would be precluded from

3

arguing for a sentence of less than seventy (70) months. Doc. 133 at 6. In exchange, the government would recommend an offense level of thirty-two (32) and argue for the low end of the guideline sentencing range. Doc. 133 at 6. The agreement also permitted the Government to seek a three (3) level enhancement since Petitioner committed the crime while on pretrial release. Doc. 133 at 6. However, the government would not recommend a sentence of less than one hundred thirty-five (135) months. *See* Doc. 133 at 6. The agreement was not accepted by Petitioner. On September 20, 2010, Petitioner entered a plea of guilty without an agreement with the government. *See* Doc. 55.

### III. Legal Standard

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Courts must "construe pro se habeas filing liberally." *Laws v. Lamarque,* 351 F.3d 919, 924 (9th Cir. 2003). Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock,* 20 F.3d 1458, 1465 (9th Cir. 1994), quoting 28 U.S.C. § 2255. The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen,* 98 F.3d 1155, 1159 (9th Cir. 1996) (citations omitted). Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. *United States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir. 1980).

///

# IV. Discussion

The Sixth Amendment of the Constitution guarantees a fair trial for criminal defendants, which includes a right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). A defendant's Sixth Amendment right to effective assistance of counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376, 1384 (2012); *see Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1339, 1409 (2012); *Hill v. Lockhart*, 474 U.S. 52, 57 (2011); *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). To challenge a guilty plea based on ineffective assistance of counsel, a section 2255 petitioner must satisfy a two-part test by showing: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the deficient performance prejudiced the petitioner. *See Strickland v. Washington*, 466 U.S. at 687; *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007); *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

## A. Deficient Performance

To satisfy the first prong of the test and demonstrate deficient performance, Petitioner must show that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." *Butcher v. Marquez,* 758 F.2d 373, 376 (9th Cir. 1985). Judicial scrutiny of counsel's performance is highly deferential. *Strickland,* 466 U.S. at 677–678; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994). The Ninth Circuit has found, in the guilty plea context, "the gross mischaracterization of the likely outcome" of a guilty plea "combined with the erroneous advice on the possible effects of going to trial, falls below the level of competence required of defense [counsel]." *Womack v. McDaniel*, 497 F.3d 998, 1003 (9th Cir. 2007). However, a "mere inaccurate prediction, standing alone, would not constitute ineffective assistance" of counsel. *United States v. Turner*, 881 F.2d 684, 687 (9th Cir. 1989) (quoting *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986)), overruled on other grounds by, *United States v. Rodriguez-Razo*, 962 F.2d 1418 (9th Cir. 1992).

Assuming the truth of the Petition, this Court previously held that Counsel's advice "that Petitioner plead guilty without an agreement was a poor tactical decision and counsel grossly mischaracterized the likely outcome as evidenced between the great disparity between the

projected thirty-three (33) month sentence and actual one hundred and sixty-eight (168) month sentence." Doc. 130 at 14. In Petitioner's subsequent declaration, made under penalty of perjury, there was no mention of a promise by Counsel for a thirty-three (33) month sentence. Instead, Petitioner alleges Counsel advised him that he would pursue a sentence of less than seventy (70) months for Petitioner if Petitioner plead guilty without an agreement. This Court does not believe Counsel's advice – that he would be able to pursue a sentence of less than seventy (70) months – qualifies as the type of error that can be considered a gross mischaracterization. *See Sophantharong v. Palmateer*, 378 F.3d 859, 868-869 (9th Cir. 2004) (holding that an incorrect prediction that Oregon's "Second Look Statute," awarding a reduction in sentence of up to five (5) years, could apply was not a gross mischaracterization of sentence); *Donganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990) (concluding that a predicted sentence term of not more than a twelve (12) years was not a gross mischaracterization when defendant was actually sentenced to fifteen (15) years incarceration on one count and twenty (20) years probation on another). *Compare Riggs v. Fairman*, 399 F.3d 1179, 1182-83 (9th Cir. 2005) (finding gross mischaracterization when Counsel's represented that the maximum exposure was nine (9) years when the real ultimate exposure (and actual sentence) was twenty-five (25) years to life). The advice given by Counsel appears to be nothing more than an inaccurate prediction that does not qualify as deficient performance. However, even assuming Petitioner has demonstrated deficient performance, he has not met his burden in proving prejudice and his claim for ineffective assistance of counsel must fail.

**D. Prejudice**

To demonstrate prejudice, the "defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper* 132 S. Ct. at 1384. Specifically, "defendants must demonstrate a reasonable probability that they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye*, 132 S.Ct. at 1409.

In his Section 2255 motion, Petitioner describes the plea agreement he was offered as establishing a sentencing range between fifty-seven (57) and seventy (70) months. Petitioner

mischaracterizes the plea agreement. The plea agreement actually required Petitioner to agree to a base level offense that would be calculated based on 2,777 kilograms of marijuana. Doc. 132 at 6. When Petitioner was sentenced in May 2011, the applicable base offense level for this quantity of marijuana was thirty-two (32). *See* U.S.S.G. 2D1.1(c)(4) (2010). The plea agreement also allowed the Government to also seek a three (3) level enhancement due to Petitioner having committed the crime while on pretrial release. The applicable sentence ranges are one hundred thirty-five (135) months to one hundred sixty-eight (168) months and one hundred eighty-eight (188) months to two hundred thirty-five (235) months for Category II base level thirty-two (32) offenses and base level thirty-five (35) offenses, respectively. *See* U.S.S.G. ch. 5, pt. A (2010). In exchange for Petitioner's guilty plea, the agreement provided that the Government would recommend a sentence at the bottom of the applicable sentencing range. However, the Government would not recommend a sentence of less than one hundred thirty-five (135) months, and Petitioner could not request a sentence of less than seventy (70) months. *See* Doc. 133 at 6.

      Petitioner has implied he would have accepted a plea agreement for a maximum of seventy (70) months. *See* Doc. 131. No such agreement existed. Petitioner has not asserted he would have accepted a plea agreement with a low-end guideline range of one hundred thirty-five (135) months. To the contrary, the facts indicate there is not a reasonable probability Petitioner would have accepted the agreement. Counsel has indicated that Petitioner previously rejected an offer that was described as providing an approximate sentence of eighty-seven (87) months. Having previously rejected an eighty-seven (87) month offer, this Court finds it unreasonable to conclude that Petitioner would have subsequently accepted the plea agreement that provided a recommended minimum sentence of one hundred thirty-five (135) months.

      Petitioner alleges if he had been accurately advised of the potential outcome of pleading guilty without the benefit of an agreement, he would have accepted the plea agreement from the government. *See* Doc. 131. At the change of plea hearing, the Court advised Petitioner that by pleading guilty, he could receive a maximum sentence of twenty (20) years and cautioned Petitioner that the sentence imposed may be different from his Counsel's estimates. Petitioner affirmed to the court that he understood the possible consequences. *See* Doc. 55 at 6-7. When a

court informs a defendant of the potential consequences of a guilty plea, the defendant cannot subsequently claim prejudice on the basis of a being misinformed by counsel as to the potential outcome of a guilty plea. *See e.g. Womack v. Del Papa*, 497 F.3d at 1003 (concluding no prejudice was established when petitioner received a sentence that the judge had previously warned may be imposed based on a guilty plea); *United States v. Turner*, 881 F.2d at 687 (finding no prejudice when defendant received a sentence in excess of counsel's predictions, but less than the statutory maximum). Petitioner's sentence of one hundred sixty-eight (168) months was within the statutory maximum that that Court warned Petitioner may apply. As such, Petitioner has failed to demonstrate prejudice due to a misunderstanding of the possible consequences of a guilty plea.

Lastly, Petitioner has failed to demonstrate that by accepting the plea agreement, the results would have been less severe than the sentence imposed by the Court. To demonstrate prejudice, the petition must show "that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 132 S. Ct. at 1385. As previously mentioned, the plea agreement required Petitioner to accept a factual basis that would have resulted in a base offense level of thirty-two (32). Petitioner would have been permitted to "make a limited argument for a sentence lower than that which may otherwise be applicable to him pursuant to the sentencing guidelines." Doc. 132 at 2. During sentencing, Petitioner presented evidence of coercion and duress, arguing these should be considered mitigating factors. *See* Doc. 103 at 7-8. Petitioner also argued a base offense level of twenty-eight (28) should be applied for sentencing. *See* Doc. 103 at 22. The Court, in its discretion, ultimately imposed a sentence based on an offense level of thirty-two (32). *See* Doc. 103 at 32. Petitioner's sentence was at the high end of the same sentencing range available through the plea agreement, so Petitioner suffered no prejudice due to a more severe sentence. *Compare United States v. Turner*, 881 F.2d at 687 (finding no ineffective assistance of counsel when defendant received a sentence that was less than two (2) times greater than counsel's prediction)*; with Lafler v. Cooper*, 132 S. Ct. at 1391 (finding prejudice when


petitioner "received a minimum sentence 3 & half; times greater than he would have received under the plea" which had been rejected).

Based on the record, Petitioner has failed to show prejudice due to deficient performance of counsel. Therefore, even if Petitioner"s demonstrates Counsel"s performance is below an objective standard of reasonableness, he has failed to meet his burden in establishing ineffective assistance of counsel under a section 2255 claim.

## V. Certificate of Appealability

Absent a certificate of appealability ("COA") from the circuit court or the district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255." *Chafin v. Chafin,* ___ U.S. ___, 133 S.Ct. 1017, 2013 WL 598436, *2 (2013) (Ginsburg, J., concurring, joined by Scalia & Breyer, JJ.), *see* Rule 11(a) of Rules Governing Sec. 2254 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if ""„the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. . . ."" *In re Marciano,* 708 F.3d 1123, 2013 WL 703157, * 10 (9th Cir. 2013) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The issuance of a COA is "a rare step." *Murden v. Artuz,* 497 F.3d 178, 199 (2d Cir. 2008) (Hall, J., concurring). There must be "something more than the absence of frivolity or the existence of mere good faith" to justify the issuance of a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 328 (2003); *see Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010).

In addition to the ground for relief discussed above – ineffective assistance of counsel – Petitioner"s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255 alleged the following grounds for relief: 1) a freestanding claim of factual innocence; 2) a claim of Fourth Amendment violation; 3) a claim of prosecutorial failure to disclose exculpatory evidence; 4) a claim that the plea entered was not knowing and voluntary. All four claims were previously denied.

Reasonable jurists would not find it debatable that issues unrelated to the voluntariness of the plea or effectiveness of counsel in advising as to whether or not to accept the plea are waived by entry of a plea of guilty. Nor would reasonable jurists find it debatable that Petitioner defaulted ground one because a sufficiency of the evidence claim was decided adversely to Petitioner on direct appeal, or that grounds two and three are defaulted because he could have raised them on direct appeal but did not. Finally, reasonable jurists would not find it debatable that the facts articulated in ground four do not render Petitioner's claim involuntary. Petitioner's arguments opposing dismissal on these grounds are not "adequate to deserve encouragement to proceed further." *Jennings v. Baker,* ––– Fed.App'x –––, 2013 WL 830610, * 1 (9th Cir. 2013) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983)). Petitioner's fifth ground for relief, ineffective assistance of counsel, alleges that counsel advised petitioner to reject a plea agreement and enter a plea of guilty without the benefit of an agreement pursuant to a Rule 11(c) plea agreement. Petitioner has clearly failed to satisfy the requirements of establishing ineffective assistance of counsel by showing prejudice from deficient performance of counsel. *See, e.g., United States v. Garcia*, 909 F.2d 1346, 1348 (9th Cir. 1990) (explaining that an erroneous sentence prediction "does not entitle a defendant to challenge his guilty plea"); *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) (finding that an inaccurate sentence prediction was not prejudicial); *United States v. Turner,* 881 F.2d 684, 687 (9th Cir. 1989) (finding that an inaccurate prediction does not constitute ineffective assistance). As to the remainder of Petitioner's fifth ground for relief reasonable jurists would not disagree. Accordingly, a COA will be denied on all grounds.

## VI. Order

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate is DENIED. This Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   January 23, 2015                                   _____
                                                              SENIOR DISTRICT JUDGE